**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DANIEL ETHERIDGE, | ) | NO. CV 11-7513-MMM (E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| BRENDA CASH, | ) | |
| Respondent. | ) | |

**PROCEEDINGS**

Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" on September 12, 2011. The Magistrate Judge issued an "Order Requiring Answer to Petition for Writ of Habeas Corpus" on September 14, 2011.

Respondent filed a "Motion to Vacate Order Requiring Response, etc." on December 5, 2011. Respondent's Motion seeks an order vacating the Magistrate Judge's September 14, 2011 Order and dismissing the Petition on the ground that the Petition is "second or

successive" to a habeas petition previously filed in this Court in Etheridge v. Castro, CV 00-5627-MMM(E).[1]  In Etheridge v. Castro, Petitioner challenged his 1997 conviction in Los Angeles Superior Court case number LA025300 (see Petition filed May 24, 2000 in Etheridge v. Castro, CV 00-5627-MMM(E), at p. 3).

On January 4, 2012, Petitioner filed a "Motion to Amend, etc." ("Motion to Amend") and a "Response, to 'Motion to Vacate Order Requiring Response'" ("Petitioner's Response").  Petitioner alleges that the present Petition concerns a purported "custody charge" separate from the conviction challenged in Etheridge v. Castro, CV 00-5627-MMM(E).  On February 27, 2012, Respondent filed a "Reply to Response to Motion to Vacate Order Requiring Response."

**BACKGROUND**

On November 26, 1996, the Los Angeles District Attorney's Office filed an Information in Los Angeles County Superior Court case number LA025300, charging Petitioner with one count of second degree robbery, one count of second degree burglary, and one count of petty theft with a prior theft-related conviction (Clerk's Transcript ["C.T."] 136-37).  These charges arose out of an incident on September 22, 1996, in which Petitioner allegedly took items from a store without paying and allegedly struck a store security officer with a rock while attempting to flee (see Opinion of the California

---

[1] The Court takes judicial notice of the file in Etheridge v. Castro, CV 00-5627-MMM(E).  See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

2

Court of Appeal in People v. Etheridge, California Court of Appeal case number B112249 [Respondent's Lodgment 22], at pp. 2-3).[2] The Information alleged two prior theft-related convictions in connection with the charged petty theft: a 1991 residential burglary conviction and a 1990 theft conviction (C.T. 137). The Information further alleged that Petitioner had suffered two prior residential burglary convictions qualifying as "strikes" under California's Three Strikes law, California Penal Code sections 667(b) - (i) and 1170.12(a) - (d) (C.T. 137-38).[3]

Prior to trial, Petitioner admitted suffering the 1990 theft conviction (Reporter's Transcript ["R.T."] 31-32).[4] Also on that date, the prosecutor dismissed the second-degree burglary count (R.T. 29-32).

///

---

[2] In California, "[c]ircumstances otherwise constituting a mere theft will establish a robbery where the perpetrator peacefully acquires the victim's property, but then uses force to retain or escape with it." Miles v. Superior Court, 115 Cal. App. 4th 216, 222, 8 Cal. Rptr. 3d 872 (2004) (citation omitted); People v. Estes, 147 Cal. App. 3d 23, 28, 194 Cal. Rptr. 909 (1983).

[3] The Three Strikes Law consists of two nearly identical statutory schemes. The earlier provision, enacted by the Legislature, was passed as an urgency measure, and is codified as California Penal Code §§ 667(b) - (I) (eff. March 7, 1994). The later provision, an initiative statute, is embodied in California Penal Code § 1170.12 (eff. Nov. 9, 1994). See generally People v. Superior Court (Romero), 13 Cal. 4th 497, 504-05, 53 Cal. Rptr. 2d 789, 917 P.2d 628 (1996). The Information charged Petitioner under both versions (C.T. 137-38).

[4] The Court and Petitioner's counsel sometimes referred to the admission as a stipulation (see R.T. 21, 23, 28).

3

On January 31, 1997, a jury found Petitioner guilty of the robbery, but not guilty of the petty theft (R.T. 576-79). The jury found true the strike allegations (R.T. 656-57). On May 1, 1997, Petitioner received a sentence of 35 years to life (R.T. 695).

The California Court of Appeals granted Petitioner additional presentence credit but otherwise affirmed the judgment (Respondent's Respondent's Lodgment 22). The Los Angeles County Superior Court, California Court of Appeals and California Supreme Court denied Petitioner's subsequent habeas corpus petitions (see Respondent's "Motion to Dismiss Petition, etc.," filed July 28, 2000 in Etheridge v. Castro, CV 00-5627-MMM(E), Exs. E-I).

**PETITIONER'S PRIOR ACTIONS IN THIS COURT**[5]

**Etheridge v. Castro, CV 00-5627-MMM(E)**

In this habeas action, filed on May 24, 2000, Petitioner asserted multiple challenges to his conviction in Los Angeles Superior Court case number LA025300. Petitioner later abandoned five unexhausted claims. On February 5, 2001, the Magistrate Judge issued a Report and Recommendation recommending denial and dismissal of the Petition on the merits with prejudice. On March 13, 2001, the District Court issued an Order adopting the Report and Recommendation. Judgment was entered on March 15, 2001. The United

---

[5] The Court takes judicial notice of Petitioner's prior actions in this Court. See Mir v. Little Company of Mary Hosp., 844 F.2d at 649.

4

States Court of Appeals for the Ninth Circuit denied Petitioner's application for a certificate of appealability on August 21, 2001 (see Etheridge v. Castro, Ninth Circuit case number 01-55744).

In 2004, Petitioner filed an application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals (see Etheridge v. Castro, Ninth Circuit case number 04-70524), which that Court denied on April 26, 2004.  In 2006, Petitioner filed another application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals (see Etheridge v. Castro, Ninth Circuit case number 06-70879), which that Court denied on May 26, 2006.  Shortly thereafter, Petitioner filed another application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals (see Etheridge v. Castro, Ninth Circuit case number 06-73265), which that Court denied on September 28, 2006.  In November of 2006, Petitioner filed another application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals (see Etheridge v. Castro, Ninth Circuit case number 06-75396), which that Court denied on December 20, 2006.

**Etheridge v. Lewis, CV 03-9201-DT(E)**

Petitioner filed this habeas action on December 17, 2003, again challenging his conviction in Los Angeles Superior Court case number LA025300.  On December 24, 2003, the District Court issued an "Order of Dismissal" because Petitioner had not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition.  Judgment was entered on December 31, 2003.

**Etheridge v. Yates, CV 05-1924-NM(E)**

Petitioner filed this habeas action on March 16, 2005, challenging two expired state court convictions used to enhance his sentence in Los Angeles Superior Court case number LA025300. On March 22, 2005, the District Court issued an "Order of Dismissal" because Petitioner had not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. Judgment was entered on March 24, 2005.

**Etheridge v. Yates, CV 05-3794-GPS(E)**

Petitioner filed this habeas action on May 23, 2005, again challenging his conviction in Los Angeles Superior Court case number LA025300. On June 17, 2005, the District Court issued an "Order of Dismissal" because Petitioner had not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. Judgment was entered on June 20, 2005.

**Etheridge v. Lockyear, CV 05-5160-MMM(E)**

Petitioner filed this habeas action on July 15, 2005, again challenging his conviction in Los Angeles Superior Court case number LA025300. On August 23, 2005, the District Court issued an "Order of Dismissal" because Petitioner had not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. Judgment was entered on August 23, 2005.

///

1  **Etheridge v. Waco, CV 05-6650-UA(E)**

3     On September 9, 2005, Petitioner lodged a civil rights complaint implicating his conviction in Los Angeles Superior Court case number LA025300. On October 18, 2005, the District Court denied Petitioner's request to proceed <u>in forma pauperis</u>, citing <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973).

10 **Etheridge v. Haws, CV 10-7414-MMM(E)**

12    Petitioner filed this habeas action on October 4, 2010, again challenging his conviction in Los Angeles Superior Court case number LA025300. On November 23, 2010, the District Court issued an "Order of Dismissal" because Petitioner had not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. Judgment was entered on November 29, 2010. Petitioner filed an application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals (<u>see</u> <u>Etheridge v. Haws</u>, Ninth Circuit case number 10-73907), which that Court denied on March 17, 2011.

### DISCUSSION

   For the reasons discussed below, the Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b), as amended by the "Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA").

1  Section 2244(b) requires that a petitioner seeking to file a
2  "second or successive" habeas petition first obtain authorization
3  from the court of appeals. See Burton v. Stewart, 549 U.S. 147, 157
4  (2007) (where petitioner did not receive authorization from Court of
5  Appeal before filing second or successive petition, "the District
6  Court was without jurisdiction to entertain [the petition]");
7  Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-
8  appellate-review mechanism set forth in § 2244(b) requires the
9  permission of the court of appeals before 'a second or successive
10 habeas application under § 2254' may be commenced"). A petition need
11 not be repetitive to be "second or successive," within the meaning of
12 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d
13 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v.
14 Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).

16  In the Petition, Petitioner identifies the conviction on which
17 the Petition allegedly is based as a purported conviction for petty
18 theft in "Case number" "1400252E" (Petition, p. 2).[6] Petitioner
19 asserts four grounds for relief, apparently alleging that Petitioner
20 suffered a conviction in case number "1400252E" without being
21 informed of the charge, without counsel, and without a trial
22 (Petition, pp. 5-6). Petitioner asserts that he suffered this
23 ///
24 ///

---

[6] However, in the "Motion to Amend" Petitioner expresses a desire to add "90M00791" to the case number, apparently a reference to Petitioner's prior 1990 petty theft conviction (see Motion to Amend, p. 1).

8

alleged conviction "in stipulation" (id.).[7]  The Petition concedes that two of the grounds asserted in the Petition previously were raised "under a different charge and case number" (Petition, p. 6).[8]

Exhibit "A" to the Petition is a purported page from Petitioner's "Criminal History Transcript" which contains an entry reporting Petitioner's arrest for petty theft with a prior on "19960922" [September 22, 1996]" (Petition, Ex. A).  The "AGENCY/FILE NUMBER" is listed as "1400252E 4978283" (id.).  Petitioner has highlighted the number "1400252E" (id.).

Attached as an exhibit to Respondent's Motion to Dismiss filed on July 19, 2000 in Etheridge v. Castro, CV 00-5627-MMM(E) is a copy of Petitioner's habeas corpus petition filed in the Los Angeles County Superior Court on November 22, 1999 (see Exhibit G to Respondent's "Motion to Dismiss, etc.," filed on July 19, 2000, in Etheridge v. Castro, CV 00-5627-MMM(E)).  Attached to this Superior Court petition is a copy of the September 22, 1996 arrest report concerning the shoplifting incident (see id., Ex. F thereto, at p. G-168).  The arrest report indicates that Petitioner's booking number for that incident was "4978283," which is the second number listed as the "AGENCY/FILE NUMBER" for the September 22, 1996 incident referenced on Petitioner's criminal history transcript (id.).

---

[7]  It appears Petitioner may be referring to his admission of the 1990 petty theft conviction during pretrial proceedings in Los Angeles County Superior Court case number LA0252300 (see Petitioner's Response, p. 4).

[8]  However, Petitioner seeks to amend the Petition to delete this concession (see Motion to Amend, p. 1).

9

1  Therefore, it appears that the number, "1400252E," was not a case
2  number for a separate criminal case, but rather an "agency/file" or
3  other identifying number concerning the shoplifting incident which
4  gave rise to Petitioner's conviction in Los Angeles County Superior
5  Court case number LA025300.  It thus appears that Petitioner has
6  mischaracterized "1400252E" as a "case number," perhaps in an effort
7  to disguise the fact that his present claims relate to case number
8  LA025300, the same Superior Court case Petitioner challenged
9  unsuccessfully in Etheridge v. Castro, CV 00-5627-MMM(E), as well as
10 in numerous "second or successive" petitions filed in this Court
11 thereafter.

13      Indeed, the present Petition identifies the date of the
14 conviction challenged herein as January 24, 1997 (the day Petitioner
15 admitted the prior petty theft conviction in Los Angeles County
16 Superior Court LA025300) (Petition, p. 2).  Similarly, the present
17 Petition identifies the sentencing date of the conviction challenged
18 herein as May 1, 1997 (the day Petitioner was sentenced in Los
19 Angeles County Superior Court LA025300 (Petition, p. 2).[9]

21      Attached as an exhibit to his Response to the Motion to Vacate,
22 Petitioner alleges, confusingly, that although Petitioner purportedly
23 was arrested for and held on a "custody charge" of petty theft with a
24 prior, Petitioner's trial supposedly was held on charges separate from
25 this purported "custody charge" (Petitioner's Response, pp. 1-4).

---

[9]  However, in the Motion to Amend, Petitioner expresses a desire to change the conviction date to January 31, 1997 (see Motion to Amend, p. 1).

10

1  Petitioner appears to allege that he was convicted without a trial on
2  this supposed "custody charge" of petty theft (id., pp. 2, 4).  To
3  support this contention, however, Petitioner cites portions of the
4  Reporter's Transcript of the trial in Los Angeles County Superior
5  Court case number LA025300 (see id., pp. 4, 6).  Petitioner also
6  appears to contend that the record in Angeles County Superior Court
7  case number LA025300 is "false" because the original complaint
8  purportedly alleged only petty theft, citing the Superior Court's
9  minutes in Los Angeles County Superior Court case number LA025300
10 (id., p. 4).  Petitioner again appears to challenge his admission of
11 the 1990 petty theft conviction in the proceedings in Los Angeles
12 County Superior Court case number LA025300 (id., pp. 4-5).  Petitioner
13 argues that the record in Los Angeles County Superior Court case
14 number LA025300 is a "boobytrap filled with false representations for
15 many purposes" (id., p. 6).

17     Petitioner's Motion to Amend seeks, inter alia, leave to amend
18 the Petition to add a claim that the state court prepared a "false
19 appellate record" (Motion to Amend, p. 2).  Petitioner references the
20 reporter's transcript in Los Angeles County Superior Court case number
21 LA025300, and alleges that the state court prepared a "false record of
22 waivers of Constitutional Rights . . . , false court minutes regarding
23 23 and 24 of January 1997, and false complaint documenting probable
24 cause for 'ROBBERY' for direct appeal review and consideration," which
25 allegedly prevented Petitioner from prosecuting his appeal in Los
26 Angeles County Superior Court case number LA025300 (Motion to Amend,
27 p. 2).

11

1    Regardless of Petitioner's many unclear arguments, what remains
2 clear is that the claims in the present Petition concern Petitioner's
3 arrest and prosecution which resulted in his conviction and sentence
4 in Los Angeles County Superior Court case number LA025300.  Hence, the
5 present Petition, (like the several petitions Petitioner filed in this
6 Court between 2003 and 2010), is "second or successive" to the
7 petition in Etheridge v. Castro, CV 00-5627-MMM(E), within the meaning
8 of 28 U.S.C. section 2244(b).[10]  Despite repeated attempts, Petitioner
9 evidently has not yet obtained authorization from the Ninth Circuit
10 Court of Appeals to file a second or successive petition.
11 Consequently, this Court cannot entertain the present Petition.  See
12 Burton v. Stewart, 549 U.S. at 157.[11]
13 ///
14 ///
15 ///
16 ///

**ORDER**

---

[10]    To the extent Petitioner also challenges his expired 1990 petty theft conviction, this Court lacks jurisdiction over any such claim.  Subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989); 28 U.S.C. §§ 2241(c), 2254(a).  A habeas petitioner does not remain "in custody" under a conviction once the sentence imposed for the conviction has "fully expired."  Maleng v. Cook, 490 U.S. at 492.  To the extent Petitioner challenges Petitioner's sentence in Los Angeles County Superior Court case number LA025300 as enhanced by a prior conviction, any such claim is second or successive.  Moreover, any such claim is barred by the principles set forth in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001).

[11]    Notwithstanding Petitioner's contrary argument (see Petitioner's Response, p. 3), the present Petition challenges a state court conviction and/or sentence, and therefore is governed by 28 U.S.C. sections 2254 and 2244(b).

12

     For all the foregoing reasons: (1) Respondent's Motion to Vacate is granted; (2) Petitioner's Motion to Amend is denied; and (3) the Petition is denied and dismissed without prejudice.

     LET JUDGMENT BE ENTERED ACCORDINGLY.

         DATED: April 30, 2012.

                                                    _____
                                                    MARGARET M. MORROW
                                        UNITED STATES DISTRICT JUDGE

PRESENTED this 7th day of

March, 2012 by:

_____/S/_____
      CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE